IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN DIAZ, M-01544, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHILDERS, K. FINNY, CLARK, )<br>EVANS, JACKSON, SCHULER and, )<br>BIG MUDDY CORRECTIONAL CENTER, )<br>)<br>Defendants. ) | Case No. 12-cv-1168-GPM |

## MEMORANDUM AND ORDER

**Murphy, District Judge:**

Plaintiff, Juan Diaz, is currently incarcerated at Pontiac Correctional Center, ("Pontiac") and has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that occurred at Big Muddy Correctional Center ("Big Muddy"). Plaintiff claims his Eighth Amendment rights were violated by correctional officers who forced him to fight his cellmates.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court finds that Plaintiff has articulated a colorable federal claim for cruel and unusual punishment under the Eighth Amendment.

Plaintiff alleges that between February 24, 2012 and March 20, 2012, Defendants subjected Plaintiff to various indignities, and forced him to physically fight his cellmates by threats and encouragement. Defendants Childers, Clark, and Schuler are named in the caption and referenced in the pleadings as individuals who forced Plaintiff to fight with his cellmates.

The following five Big Muddy correctional officers allegedly contrived a plan for Plaintiff to fight with other inmates: Valdez, Arnez, Thornton, Dubis, and Davies. These five individuals are not named by Plaintiff in the caption of the case, but shall be added as parties. According to Plaintiff, Defendants coerced Plaintiff into fighting by threatening to murder Plaintiff's mother or force Plaintiff to join a gang. Harassment becomes actionable where it involves a "threat to kill, or to inflict any other physical injury." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). Allegations that a prison officer has provoked or persuaded other inmates to cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch).

Plaintiff is currently incarcerated at Pontiac Correctional Center so it is unclear to the Court when Plaintiff was transferred from Big Muddy to Pontiac. In any event, accepting Plaintiff's allegations as true, Plaintiff has articulated a colorable federal claim for cruel and unusual punishment under the Eighth Amendment. Plaintiff's claims against Defendants Childers, Clark, Schuler, Valdez, Arnez, Thornton, Dubis, and Davies shall receive further review.

Defendants Finny, Evans, Jackson, and Big Muddy Correctional Center are named in the caption of the case, but are not referenced anywhere in the pleadings. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v.*

*Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The Court is always mindful that it must give liberal construction to complaints, especially for plaintiffs proceeding *pro se*. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a defendant is named in the caption, but not referenced within the body of the complaint, the defendant is not adequately put on notice of which claims in the complaint, if any, are directed against her. Accordingly, Defendants Finny, Evans, Jackson, and Big Muddy are **DISMISSED with prejudice**.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

Plaintiff's motion for post-conviction relief (Doc. 9) is **DENIED without prejudice**. This Court does not have jurisdiction to grant such relief. Plaintiff's post-conviction remedies lie in state court.

**Disposition**

Defendants **FINNY, EVANS, JACKSON** and **BIG MUDDY CORRECTIONAL CENTER** will be **DISMISSED** from this action **with prejudice.**

Correctional Officers **VALDEZ, ARNEZ, THORNTON, DUBIN** and **DAVIES** shall be **ADDED** as parties to this case and Plaintiff's claims against each of these Defendants shall receive further review. Plaintiff's claims against Defendants **CHILDERS, CLARK**, and **SCHULER** shall also receive further review.

The Clerk of Court shall prepare for Defendants **VALDEZ, ARNEZ, THORNTON, DUBIN**, **DAVIES, CHILDERS, CLARK**, and **SCHULER** :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** January 10, 2013 /s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge