IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV- 1168-MJR-DGW |
| | ) |
| SHANE CHILDERS, MICHAEL DURBIN, HAROLD SCHULER, ROBERT THORNTON, RANDY VALDEZ, R. CLARK, ARNEZ, AND DAVIES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 55), recommending that this Court grant Defendants' motion for summary judgment based on exhaustion (Doc. 36). The Report and Recommendation was entered on December 11, 2013. No objections have been filed.

Plaintiff Juan Diaz, an inmate at Pontiac Correctional Center, filed this case on November 8, 2012 asserting that the above-mentioned defendants allowed and encouraged him to fight with other inmates while he was incarcerated at the Big Muddy Correctional Center in the Spring of 2011 (Doc. 10). Specifically, Plaintiff alleges that

1

Defendant Childers forced him "into fighting with [his[ cellmates by threatening to kill [his] mother;" that Defendant Valdez encouraged other inmates to fight with him; that Defendants Arnez and Thornton "stood guard" while Plaintiff fought his cell mate and encouraged the fight; that Defendants Clark and Schuler also stood by watching and encouraged Plaintiff to join a gang; that Defendant Durbin "would make phone call" to someone "in organized crime" when Plaintiff engaged in fighting; and that Defendant Davies "helped in hiding weapons that were provided to inmates" hoping that they would riot.

On July 22, 2013, Defendants Childers, Durbin, Schuler, Thornton and Valdez filed motions for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Doc. 36).  As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion on December 3, 2013.  Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 55).   The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** ***Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**.   The Court "may

accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Plaintiff filed suit on November 8, 2012 (Doc. 1). With respect to the purported March 20, 2011 grievance, it was determined at the hearing that this grievance was written on a form that was not available to Plaintiff until August 2012. Thus, the document attached to Plaintiff's Complaint is not a true and accurate photocopy of the grievance that Plaintiff allegedly submitted on that date. Based on the testimony and evidence presented at the evidentiary hearing, Magistrate Judge Wilkerson determined that Plaintiff is not credible in his statements that he submitted the grievance through institutional mail. The undersigned District Judge finds no basis for disagreeing with Magistrate Judge Wilkerson's credibility determinations and thus treats his findings and recommendations as his own. *See Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the**

**magistrate judge's findings or credibility determinations")**.  Lastly, the second grievance, dated February 13, 2012, was returned to Plaintiff by the Administrative Review Board as untimely.  Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, and thus Plaintiff's claims against Defendants Childers, Durbin, Schuler, Thornton and Valdez must be dismissed.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 55) and **GRANTS** Defendants' motion for summary judgment (Doc. 36).  The Court finds that Plaintiff has failed to exhaust his administrative remedies against Defendants Childers, Durbin, Schuler, Thornton and Valdez and thus the motion for summary judgment (Doc. 36) is **GRANTED.**  Plaintiff's claims against Defendants Childers, Durbin, Schuler, Thornton and Valdez are **DISMISSED without prejudice**. The only Defendants remaining are Defendants Clark, Arnez and Davies.  The Court recognizes that these Defendants have not yet been served; however, Plaintiff has filed a pending Motion to Amend the Complaint (Doc. 50), which the Court will address by separate order.

IT IS SO ORDERED.

DATED:   January 9, 2014

                                                  s/ Michael J. Reagan_____
                                                  MICHAEL J. REAGAN
                                                  United States District Judge