IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1168-MJR-DGW |
| | ) | |
| R. CLARK, ARNEZ, and DAVIES, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the issue of the Initial Filing Fee.   For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact, conclusions of law, and recommendations.

### FINDINGS OF FACT

On November 8, 2012 (the same day as the Complaint was filed), District Judge James E. Shadid (Central District of Illinois) issued an Order directing Plaintiff to pay an initial partial filing fee of $3.33.   At that time, Plaintiff had a balance of $240.01 (with a restricted amount of $7.55) in his Trust Fund Account.   At no point after entry of that Order did Plaintiff object to the imposition of the initial filing fee.

On November 5, 2013, this Court informed Plaintiff that his initial filing fee had not been paid.   Plaintiff was directed to either pay the initial filing fee or show cause, in writing by January 6, 2014, as to why the filing fee had not or cannot be paid.   As of the date of this Report and

Recommendation, Plaintiff has not responded to this Court's Show Cause Order.   Plaintiff was warned that the failure to pay the initial filing fee or show cause by the deadline would result in a report and recommendation that this matter be dismissed for failure to prosecute, the failure to comply with 28 U.S.C. § 1915(b)(1), and the Orders of this Court.

### CONCLUSIONS OF LAW

Title 28 U.S.C. § 1915(a)(1), allows a party to proceed without the *prepayment* of the entire $350.00 filing fee provided that an affidavit is submitted listing all assets that the prisoner possesses.   Section 1915(b) further provides for the assessment of an initial filing fee with a requirement of additional monthly payments until the entire filing fee has been paid.   At the time the initial $3.33 filing fee was imposed, Plaintiff had the ability to pay that amount.   *See Miller v. Hardy*, 497 Fed.Appx 618, 620 (7th Cir. 2012) ("The relevant inquiry is the state of the inmate's finances at the time of filing.").   The obligation to pay the initial filing fee rests with the Plaintiff, not the institution where he is housed.   Plaintiff neither objected to the imposition of an initial filing fee nor has he shown that he does not have the ability to pay.   Indeed, Plaintiff has failed to respond to this Court's Show Cause Order and has not paid the initial filing fee as directed despite being warned of the consequences.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that this entire matter be **DISMISSED WITHOUT PREJUDICE** for the failure to pay the initial filing fee and the failure to comply with the Orders of this Court.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 27, 2014**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**