IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN DIAZ,                          )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )      Case No. 12-CV-1168–MJR- DGW
                                    )
R. CLARK, ARNEZ and DAVIES,         )
                                    )
            Defendants.             )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )

## ORDER ADOPTING REPORT AND RECOMMENDATION

REAGAN, District Judge:

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 61), recommending that the case be dismissed without prejudice for Plaintiff's failure to comply with 28 U.S.C. § 1915(b)(1). The Report and Recommendation was entered on January 27, 2014.   Plaintiff filed his objection to the Report and Recommendation on February 13, 2014 (Doc. 63).

    Plaintiff Juan Diaz, currently an inmate at Pontiac Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983 against the above mentioned

defendants, alleging cruel and unusual punishment under the Eighth Amendment.   On November 8, 2012, (the same day the Complaint was filed in the Central District of Illinois), District Judge James E. Shadid issued an Order granting Plaintiff's Petition to Proceed *In Forma Pauperis* and directed Plaintiff to pay an initial partial filing fee of $3.33. During this time, Plaintiff had a balance of $240.01 (with a restricted amount of $7.55) in his Trust Fund Account.   Plaintiff never objected to the imposition of the initial filing fee.

On November 5, 2013, the Court informed Plaintiff that his initial filing fee had not been paid (Doc. 49).  Magistrate Judge Wilkerson then directed Plaintiff to either pay the initial filing fee or show cause-by January 6, 2014-as to why the filing fee had not been or could not be paid (Doc. 49).  Plaintiff failed to respond to Magistrate Judge Wilkerson's show cause order.

On January 27, 2014, Magistrate Judge Wilkerson issued a Report and Recommendation that the Court should dismiss the case for failure to prosecute because Plaintiff failed to comply with 28 U.S.C. § 1915(b)(1) and the Orders of this Court. Plaintiff filed an objection to this Report and Recommendation on February 13, 2014 (Doc. 63).

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** ***Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill.**

**1993);** *see also Govas v. Chalmers,* **965 F.2d 298, 301 (7th Cir. 1992)**.   The Court "may

accept, reject or modify the magistrate judge's recommended decision."   *Harper,* **824 F.**

**Supp. at 788**.   In making this determination, the Court must look at all of the evidence

contained in the record and "give 'fresh consideration to those issues to which specific

objections have been made.'"   *Id., quoting* **12 Charles Alan Wright et al.,** *Federal*

*Practice and Procedure* **§ 3076.8, at p. 55 (1ˢᵗ ed. 1973) (1992 Pocket Part)**.

      In Plaintiff's objection to the Report and Recommendation, he plainly states that

he is "indigent and [has] no money in any account/trust fund."   (Doc. 63).   This is

insufficient.   At the time that Plaintiff was ordered to pay the initial partial filing fee of

$3.33, he clearly had the ability to pay, yet he never objected to the imposition of this fee.

In November of 2013, after Plaintiff was again ordered to pay the fee, he failed to pay the

fee and he did not object to the imposition of this fee.   When the Court issued its Show

Cause Order, Plaintiff was warned that the failure to pay the initial filing fee or show

cause by the deadline would result in a Report and Recommendation that the matter be

dismissed.   Plaintiff once again took no action.   In Plaintiff's objection to the Report

and Recommendation, he merely states that he is indigent and has no money, yet he

offers nothing in support of his assertion.   Plaintiff has not provided an explanation for

his failure to respond to the Court's Show Cause Order.   Further, Plaintiff has never

explained why he did not pay the fee up front when he clearly had the ability to pay.

*See Miller v. Hardy,* **497 Fed.Appx. 618, 620 (7th Cir. 2012) ("The relevant inquiry is the**

**state of the inmate's finances at the time of filing.")**.   It is Plaintiff's obligation to pay the fee, and he has not satisfied that obligation, despite being warned of the consequences.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 61) and **DISMISSES** the case for Plaintiff's failure to respond to the Court's Show Cause Order and failure to pay the initial partial filing fee.

IT IS SO ORDERED.

DATED:   March 16, 2014

s/Michael J. Reagan_____
MICHAEL J. REAGAN
United States District Judge